GARY B. ROTH, Esq., State Bar No. 248031
BOXER & GERSON, LLP
300 Frank H. Ogawa Plaza
Rotunda Building, Suite 500
Oakland, California 94612
Telephone:    (510) 835-8870
Facsimile:    (510) 835-0415
E-mail:       groth@boxerlaw.com

Attorneys for Plaintiff
RAYMOND P. MARIOLLE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND P. MARIOLLE,<br><br>           Plaintiff,<br><br>    vs.<br><br>VOLVO GROUP NORTH AMERICA, INC.;<br>CONSOLIDATED METCO, INC.;<br>AMSTED INDUSTRIES, INC.; LABRIE<br>ENVIRONMENTAL GROUP; WITTKE<br>WASTE EQUIPMENT; and<br>DOES 1 through 25, inclusive,<br><br>           Defendants. | Case No. C-09-1209 MMC<br><br>**FIRST AMENDED COMPLAINT<br>FOR PERSONAL INJURIES AND<br>DAMAGES** |

### GENERAL ALLEGATIONS

1.    Plaintiff adopts and restates the allegations of Paragraph 1 of his complaint:  The events described herein occurred upon a Volvo truck product which plaintiff is informed and believes bears vehicle identification number 4V2DC6UE31N322649, and which was equipped with "ConMet" aluminum front hub components bearing casting number 102054.

2.    Plaintiff adopts and restates the allegations of Paragraph 2 of his complaint:  The injuries described herein occurred on two separate occasions, the first being September 17, 2007, and the second being October 29, 2007 near the Livermore Airport in the County of Alameda, State of California.

3.    Plaintiff adopts and restates the allegations of Paragraph 3 of his complaint:  At all times herein mentioned plaintiff RAYMOND P. MARIOLLE was in the course and scope of his

1    employment with Waste Management.

2         4.    Plaintiff adopts and restates the allegations of Paragraph 4 of his complaint:

3    Defendant VOLVO GROUP NORTH AMERICA, INC. is and at all times herein mentioned was a

4    Delaware Corporation having its principal place of business in North Carolina.

5         5.    Plaintiff adopts and restates the allegations of Paragraph 5 of his complaint:

6    Defendant CONSOLIDATED METCO, INC., is and at all times herein mentioned was a Delaware

7    corporation having its principal place of business in Portland, Oregon.

8         6.    Plaintiff adopts and restates the allegations of Paragraph 6 of his complaint:

9    Defendant AMSTED INDUSTRIES INCORPORATED is and at all times herein mentioned was

10   a Delaware corporation having its principal place of business in Illinois.

11        6(a).   Plaintiff amends the complaint to add paragraph 6(a).:    Defendant LABRIE

12   ENVIRONMENTAL GROUP is and at all times herein mentioned was a foreign corporation having

13   its principal place of business in Quebec, Canada.

14        6(b).   Plaintiff amends the complaint to add paragraph 6(b).: Defendant WITTKE WASTE

15   EQUIPMENT is and at all times herein mentioned was a foreign corporation having its principal

16   place of business in Alberta, Canada.

17        7.    Plaintiff adopts and restates the allegations of Paragraph 7 of his complaint:  At all

18   times herein mentioned defendants, and each of them, were doing business in the State of California.

19        8.    Plaintiff adopts and restates the allegations of Paragraph 8 of his complaint:  The true

20   names of defendants DOES 1 through 25 and capacities of defendants DOES 20 through 25 are

21   unknown to plaintiff, and all are joined herein by said fictitious names.  Plaintiff is informed and

22   believes and thereon alleges that each said DOE defendant is strictly, negligently or otherwise liable

23   in some manner for the events and happenings herein described, and strictly, negligently or otherwise

24   legally caused the injuries and damages claimed, such that plaintiff will seek leave to amend this

25   complaint when their true names and capacities are ascertained.

26        9.    Plaintiff adopts and restates the allegations of Paragraph 9 of his complaint:  At all

27   times herein mentioned defendants DOES 1 through 20 were the alter ego, continuation of the same

28   enterprise, successor in interest, and/or otherwise liable for defects in products of each remaining

1  defendant.

2         10.    Plaintiff adopts and restates the allegations of Paragraph 10 of his complaint: At all

3  times herein mentioned each defendant was the agent, employee, or joint venturer of each remaining

4  defendant, and/or thereafter ratified or approved the acts of each remaining defendant.

5         11.    Plaintiff adopts and restates the allegations of Paragraph 11 of his complaint:

6  Defendants, and each of them, designed, manufactured, advertised, distributed, sold into the stream

7  of commerce, and provided post-market services for trucks and truck components.

8         12.    Plaintiff adopts and restates the allegations of Paragraph 12 of his complaint: As a

9  legal result of the acts of and/or omissions of Defendants, and each of them, RAYMOND P.

10 MARIOLLE suffered injuries legally caused by defendants' product.

11        13.    Plaintiff adopts and restates the allegations of Paragraph 13 of his complaint: As a

12 legal result of the acts of defendants, and each of them, plaintiff RAYMOND P. MARIOLLE was

13 hurt and injured in his health, strength and activity, sustained injury to his body and shock and injury

14 to his nervous system and person, all of which have caused him great mental and physical pain,

15 suffering, and emotional distress, will in the future cause him permanent disability, and have resulted

16 in general damages in an amount in excess of the jurisdictional minimum of this Court.

17        14.    Plaintiff adopts and restates the allegations of Paragraph 14 of his complaint: As a

18 legal result of the acts of defendants, and each of them, plaintiff RAYMOND P. MARIOLLE was

19 and is required to employ physicians, surgeons, and other health care providers to examine, treat, and

20 care for him, and to incur medical and related expenses in an amount in excess of the jurisdictional

21 minimum of this Court.

22        15.    Plaintiff adopts and restates the allegations of Paragraph 15 of his complaint: As a

23 legal result of the acts of defendants, and each of them, plaintiff RAYMOND P. MARIOLLE was

24 prevented from attending to his usual occupation, sustaining loss of earnings, lost earning capacity,

25 vocational rehabilitation expenses, and other economic losses in an amount in excess of the

26 jurisdictional minimum of this Court.

27 ///

28 ///

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES

# FIRST CAUSE OF ACTION

### (Strict Liability)
### (As to All Defendants)

16.    Plaintiff adopts and restates the allegations of Paragraph 16 of his complaint: Plaintiff incorporates by reference the General Allegations.

17.    Plaintiff adopts and restates the allegations of Paragraph 17 of his complaint: At all times herein mentioned defendants, and each of them, were engaged in the business of designing, manufacturing, advertising, distributing, selling, and/or providing post-market services for Volvo trucks and truck components.

18.    Plaintiff adopts and restates the allegations of Paragraph 18 of his complaint: Such Volvo truck product possessed a defect in its design.

19.    Plaintiff adopts and restates the allegations of Paragraph 19 of his complaint: The defect in design existed when such product left the defendants' possession.

20.    Plaintiff adopts and restates the allegations of Paragraph 20 of his complaint: The defect in design was a cause of injury to plaintiff.

21.    Plaintiff adopts and restates the allegations of Paragraph 21 of his complaint: Plaintiff's injuries resulted from a use of such product that was intended and/or reasonably foreseeable to said defendants.

# SECOND CAUSE OF ACTION

### (Strict Liability)
### (As to all Defendants)

22.    Plaintiff adopts and restates the allegations of Paragraph 22 of his complaint: Plaintiff incorporates by reference the General Allegations.

23.    Plaintiff adopts and restates the allegations of Paragraph 23 of his complaint: At all times herein mentioned, defendants, and each of them, were engaged in the business of designing, manufacturing, advertising, distributing, selling, and/or providing post-market services for Volvo trucks and truck components.

24.    Plaintiff adopts and restates the allegations of Paragraph 24 of his complaint: Plaintiff adopts and restates the allegations of Paragraph 6 of his complaint:  Plaintiff RAYMOND

P. MARIOLLE's injuries resulted from a use of such product that was intended and/or reasonably foreseeable to said defendants.

25.     Plaintiff adopts and restates the allegations of Paragraph 25 of his complaint:  Use of such product in a manner that was intended and/or reasonably foreseeable by the defendants involved a substantial danger that would not be readily recognized by the ordinary user of the product.

26.     Plaintiff adopts and restates the allegations of Paragraph 26 of his complaint: Defendants, and each of them, knew or should have known of the danger, but failed to give plaintiff RAYMOND P. MARIOLLE or his employer adequate warning of such danger.

**THIRD CAUSE OF ACTION**

**(Negligence)**
**(As to all Defendants)**

27.     Plaintiff adopts and restates the allegations of Paragraph 27 of his complaint: Plaintiff incorporates by reference the General Allegations.

28.     Plaintiff adopts and restates the allegations of Paragraph 28 of his complaint:  At all times herein mentioned, defendants, and each of them, were engaged in the business of designing, manufacturing, advertising, distributing, selling, assembling, inspecting, servicing, repairing, modifying, and/or providing manuals, warnings, operator training and/or post-market services for Volvo trucks and truck components.

29.     Plaintiff adopts and restates the allegations of Paragraph 29 of his complaint: Defendants, and each of them knew of injuries with Volvo truck and truck components occurring under similar circumstances.

30.     Plaintiff adopts and restates the allegations of Paragraph 30 of his complaint: Defendants, and each of them knew of the extreme risk of harm presented by the Volvo truck and truck components, when used as intended or as reasonably foreseeable to Defendants, and each of them

31.     Plaintiff adopts and restates the allegations of Paragraph 31 of his complaint:  At all times mentioned herein, defendants, and each of them, so negligently and carelessly designed, manufactured, advertised, distributed, sold, assembled, inspected, serviced, repaired, modified, failed

to warn of its dangerous condition and/or of facts which made it likely to be dangerous, failed to recall, and failed to provide post-market services, that the same were capable of causing and did, in fact, cause personal injuries to the user and consumer thereof while being used in a manner intended and/or reasonably foreseeable, thereby rendering the same unsafe and dangerous for use by the consumer, user or bystander, including plaintiff RAYMOND P. MARIOLLE, in the manner intended or reasonably foreseeable or for the purpose for which it was made.

32.     Plaintiff adopts and restates the allegations of Paragraph 32 of his complaint:  Said negligence of said defendants was a legal cause of injury and damage to the plaintiff.

## FOURTH CAUSE OF ACTION

### (Breach of Express Warranty)
### (As to All Defendants)

33.     Plaintiff adopts and restates the allegations of Paragraph 3 of his complaint:  Plaintiff incorporates by reference the General Allegations.

34.     Plaintiff adopts and restates the allegations of Paragraph 34 of his complaint:  At all times herein mentioned, defendants, and each of them, were engaged in the business of designing, manufacturing, advertising, distributing, selling, assembling, inspecting, servicing, repairing, modifying, and/or providing other post-market services for Volvo trucks and truck components.

35.     Plaintiff adopts and restates the allegations of Paragraph 35 of his complaint:  An affirmation of fact or promise including but not limited to "hub rating - 10,000 lbs." was made by defendants to the buyer, which related to the goods and became part of the basis of the bargain, and which created an express warranty that the goods shall conform to the affirmation or promise.

36.     Plaintiff adopts and restates the allegations of Paragraph 36 of his complaint:  Such description of the goods which was made part of the basis of the bargain created an express warranty that the goods shall conform to the description.

37.     Plaintiff adopts and restates the allegations of Paragraph 37 of his complaint:  The goods did not conform to the description.

38.     Plaintiff adopts and restates the allegations of Paragraph 38 of his complaint:  All injuries and damages sustained and incurred by plaintiff alleged herein were proximately caused by the said defects and breach of express warranty by defendants, and each of them.

## FIFTH CAUSE OF ACTION

### (Breach of Implied Warranty)
### (As to All Defendants)

39.     Plaintiff adopts and restates the allegations of Paragraph 39 of his complaint: Plaintiff incorporates by reference the General Allegations.

40.     Plaintiff adopts and restates the allegations of Paragraph 40 of his complaint: At all times herein mentioned, defendants, and each of them, were engaged in the business of designing, manufacturing, advertising, distributing, selling, assembling, inspecting, servicing, repairing, modifying, and/or providing other post-market services for Volvo trucks and truck components.

41.     Plaintiff adopts and restates the allegations of Paragraph 41 of his complaint: Defendants at the time of the sale had reason to know the purpose for which the goods were required and that the buyer was relying on the seller's skill or judgment to select or furnish suitable goods.

42.     Plaintiff adopts and restates the allegations of Paragraph 42 of his complaint: The goods were not fit for the ordinary purposes for which such goods are used, namely for use in hauling heavy loads in the management of solid waste.

43.     Plaintiff adopts and restates the allegations of Paragraph 43 of his complaint: Plaintiff RAYMOND P. MARIOLLE and his employer (the buyer) relied on the skill and judgment of defendants, and each of them.

44.     Plaintiff adopts and restates the allegations of Paragraph 44 of his complaint: On the date previously mentioned, plaintiff was using said goods in an intended and/or reasonably foreseeable manner.

45.     Plaintiff adopts and restates the allegations of Paragraph 45 of his complaint: Said goods were not safe for their intended use nor of merchantable quality as warranted by defendants in that each were defective, and were not adequately safeguarded by adequate capacity, absence of casting defects, warnings to users, or otherwise, against the danger of persons becoming injured.

46.     Plaintiff adopts and restates the allegations of Paragraph 46 of his complaint: The injuries and damages sustained and incurred by plaintiff alleged herein were legally caused by the said defects and breach of implied warranties by defendants, and each of them.

1    WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

2    1.    For general damages in excess of the jurisdictional minimum of this Court;

3    2.    For medical, surgical, hospital, and incidental expenses according to proof;

4    3.    For wage loss, loss of earnings, loss of earning capacity, and related economic losses

5          according to proof;

6    4.    For prejudgment interest according to law;

7    5.    For costs of suit; and,

8    6.    For such other and further relief as the Court deems proper.

9    DATED: June 14, 2010                    BOXER & GERSON, LLP

10

11                                           By_____

12                                               GARY B. ROTH
                                                 Attorneys for Plaintiff
13                                               RAYMOND P. MARIOLLE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR PERSONAL INJURIES AND DAMAGES