IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MARIOLLE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VOLVO GROUP NORTH AMERICA, INC., et al.,<br><br>　　　　Defendants.<br>_____ | No. C 09-1209 MMC<br><br>**ORDER DENYING DEFENDANTS' POST-TRIAL MOTIONS; GRANTING IN PART AND DENYING IN PART PLAINTIFFS' POST-TRIAL MOTION; DIRECTIONS TO CLERK** |

　　　　Before the Court is (1) defendant Volvo Trucks North America, Inc.'s ("Volvo") Motion for New Trial, (2) defendant Wittke Waste Equipment's ("Wittke") Renewed Motion for Judgment as a Matter of Law, (3) Wittke's Motion for New Trial or Remittitur, (4) defendants Amsted Industries Incorporated's ("Amsted") and Consolidated Metco Incorporated's ("ConMet") Motion for New Trial, and (5) plaintiffs Raymond and Regina Mariolle's Motion for New Trial and Alternatively Motion to Alter or Amendment Judgment, all said motions filed June 18, 2012. The matters came on regularly for hearing July 27, 2012. Anthony E. Sonnett of Lewis Brisbois Bisgaard & Smith, LLP appeared on behalf of Volvo. Douglas A. Kroesch of Gallawa, Brown, Kroesch appeared on behalf of Amsted and ConMet. Michael A. King of Barrabee, Abel & Kowalski, P.C. appeared on behalf of Wittke, Labrie Environmental Group ("Labrie"), and Federal Signal Corporation ("Federal Signal"). Gary B. Roth of Boxer & Gerson, LLP appeared on behalf of Raymond and Regina

Mariolle.

Having read and considered the parties' written submissions, and the arguments of counsel, and for the reasons stated on the record at the hearing, the Court rules as follows:

**A. Defendants' Motions**

1. Volvo and Wittke move for a new trial on the ground that limiting the defendants to four peremptory challenges, exercised collectively,[1] was, according to Volvo and Wittke, error. The Court "may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." Shimko v. Guenter, 505 F.3d 987, 993 (9th Cir. 2007). Pursuant to 28 U.S.C. § 1870, "each party shall be entitled to three peremptory challenges," and "[s]everal defendants or several plaintiffs may be considered a single party for the purposes of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly." Here, the Court, after considering the parties' respective positions on various issues, determined it appropriate to treat the defendants as one party, but granted each side one additional challenge. Volvo and Wittke have failed to show such limitation constituted an abuse of discretion, let alone a "miscarriage of justice" necessitating a new trial.

2. Wittke moves for a new trial, and for judgment as a matter of law, on the basis of various evidentiary rulings made by the Court. The Court has considered the rulings cited by Wittke and continues to find those rulings appropriate.

3. ConMet moves for a new trial on the asserted ground that it was error to submit to the jury plaintiffs' cause of action for breach of implied warranty, as against ConMet, because there was no evidence of privity between plaintiffs and ConMet. California courts, however, have recognized an exception to the privity requirement where, as here, personal injuries are caused by an instrumentality that is dangerous because of latent defects. See Barth v. B.F. Goodrich Tire Co., 265 Cal. App. 2d 228, 247 (1968) (holding "in cases

---

[1] The defendants were free, however, to allocate their challenges among themselves in whatever manner they deemed equitable.

involving instrumentalities dangerous because of latent defects, implied warranties apply even in the absence of privity"); <u>Alvarez v. Felker Mfg. Co.</u>, 230 Cal. App. 2d 987, 997 (1964) (holding "where recovery is sought . . . in cases where the instrumentality is dangerous if it contains a latent defect or is improperly used . . . the implied warranties of fitness and merchantability run from the manufacturer to the consumer even though the latter is not in contractual privity with the former"); <u>see also</u> Continuing Education of the Bar, <u>California Tort Guide</u> (3d ed. 2011) at 618 ("Privity of contract is not essential to recovery on <u>implied</u> warranty grounds when personal injuries are caused by an instrumentality that is dangerous because of latent defects.") (emphasis in original). Further, ConMet has not shown it was in any way prejudiced by the submission of such claim to the jury, in that the jury also found ConMet liable on theories of strict liability and negligence.

      4. ConMet also moves for a new trial on the asserted ground that the jury's apportionment of fault was contrary to the evidence presented at trial. As plaintiffs point out, however, there was ample evidence upon which the jury could find ConMet was the most culpable of the defendants, as ConMet was both the manufacturer of the hub that failed and, further, upon being made aware of the risks attendant to its use in the manner contemplated by plaintiff Raymond Mariolle's employer, failed to provide adequate warning thereof. Given such evidence, the Court finds the jury's allocation of fault was not "contrary to the clear weight of the evidence." See <u>Shimko</u>, 505 F.3d at 998.

      5. All defendants move for a new trial or remittitur on the asserted ground that the jury's award of $7.5 million for non-economic damages is contrary to the evidence presented at trial. Under California law, a jury's award of damages is deemed excessive where the verdict is "so grossly disproportionate to any reasonable limit of compensation warranted by the facts as to shock the sense of justice and raise at once a strong presumption that it is based on prejudice or passion rather than sober judgment." <u>Reznick v. Hillman-Sidney Auto Sales</u>, 216 Cal. App. 2d 569, 574 (1963). When reviewing a jury award on the grounds of excessive damages, the trial court acts as a "thirteenth juror" and

independently assesses the evidence. See Seffert v. Los Angeles Transit Lines, 56 Cal. 2d 498, 507 (1961). In that role, the Court has considered the evidence presented, as well as the closing arguments made on behalf of the parties, and cannot say the amount of the award is "so grossly disproportionate" that it "shock[s] the sense of justice."

**CONCLUSION: Defendants' Motions**

For the reasons set forth above, defendants' motions are, in each instance, hereby DENIED.

**B. Plaintiffs' Motion**

Plaintiffs move for an amended judgment naming Federal Signal, Labrie and Amsted as defendants in addition to Volvo, ConMet, and Wittke. According to plaintiffs, the parties "had agreed" that judgment would encompass those additional parties. (See Reply at 1:6-9.)

Neither ConMet nor Amsted has offered any evidence to the contrary or in any manner opposed plaintiffs' motion.

With respect to Federal Signal and Labrie, however, Wittke has filed opposition, asserting that, although a "tentative offer" had been made agreeing that Federal Signal would be responsible for any liability of Wittke, the offer was contingent on dismissal of Labrie, and, according to Wittke, "[a]t no time during the course of this trial was that offer ever accepted." (See Opp. at 2:12-16.)

At the pretrial conference, held April 17, 2012, the Court asked for suggestions "with respect to how the court should refer to the parties." (See Declaration of Gary B. Roth in Support of Reply to Wittke's Opp. to Plaintiffs' Mot. for New Trial Ex. A at 6:14-15 (Transcript of Pretrial Conference).) Counsel "appearing on behalf of Wittke Waste Equipment, Federal Signal Corporation, [and] Labrie Environmental" (id. at 6:6-7) responded, "[w]e would be satisfied with just calling the defendants that we represent 'Wittke'" (see id. Ex. B at 8:1-2). Shortly thereafter, Wittke's counsel further stated, "[w]e're happy to enter into a stipulation that Federal Signal will be responsible for any judgment or liability on behalf of Wittke" (see id. at 8:8-10) but prefaced that remark with, "Labrie really

4

has no involvement in this whatsoever" (see id. at 8:7).  The Court then noted Wittke's counsel "[could] speak to counsel for plaintiff . . . and see whether he wants to accept that stipulation or not." (See id. at 8:18-20.) Plaintiffs' counsel has offered no evidence showing plaintiffs and Wittke later entered into such stipulation or any other evidence contradicting Wittke's representation that Wittke's offer to so stipulate was never accepted. Consequently, plaintiffs' motion will be denied as to Federal Signal and Labrie.

### CONCLUSION: Plaintiffs' Motion

In light of the above, plaintiffs' motion is hereby GRANTED in part and the Clerk is hereby directed to enter an amended judgment naming Amsted as a defendant; in all other respects the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  September 4, 2012

MAXINE M. CHESNEY
United States District Judge